## Kern v. Klann

*William C. Robinson*, for plaintiffs.
*John N. Gazetas* and *Lee C. McCandless*, for defendants.

KIESTER, *P.J.*, September 26, 1979—Defendant's preliminary objections to the complaint in trespass were argued and briefs submitted to the court on February 17, 1978. This is the first opportunity the court has had to study the briefs and the law. It is defendant's position that plaintiffs fail to state a cause of action.

The complaint avers that on September 5, 1975, Sara J. Kern, wife plaintiff, was operating her husband's truck along Sunset Drive in Center Township when two dogs, owned by the respective defendants, dashed upon the highway. In avoiding the dogs Mrs. Kern left the highway and her vehicle struck a cement wall, causing damages to the vehicle and injuries to Mrs. Kern.

There are no cases in Pennsylvania directly in point. Elsewhere the law is sparse on a dog owner's liability for damages from a motor vehicle accident involving the motorist's attempt to avoid collision with a dog on the highway. See Annotation 41 A.L.R. 3d 888. In the reported cases the actions were based on statutes with vastly different provisions.

There is a statute in Pennsylvania providing for the confinement of dogs. It states:

"It shall be unlawful for the owner or keeper of any dog to fail to keep at all times such dog either (1) confined within the premises of the owner, or (2) firmly secured by means of a collar and chain or other device so that it cannot stray beyond the

premises on which it is secured, or (3) under the reasonable control of some person, or when engaged in lawful hunting or field training accompanied by an owner or handler." Act of December 22, 1965, P.L. 1124, 3 P.S. §460-702.

It is the duty of the property owner to keep in proper repair the sidewalk in front of the house. The failure to maintain the sidewalk in a safe condition may result in the liability of the owner to the injured pedestrian.

The propensity of a dog like any other animal to ignore vehicular traffic on a street or highway is well known. There is probably greater danger both to pedestrians and operators of vehicles from dogs running loose on the premises than there is danger to a pedestrian from a defective front sidewalk. There is a duty on an owner to keep a dog under control. If a dog on the loose runs in front of a car and an accident results, it becomes a question for the jury to decide if the owner exercised ordinary care in controlling the dog. Did the owner of the dog under all the circumstances exercise the care of a reasonably prudent person?

On the other hand a jury must determine if plaintiff was negligent. Did plaintiff, under the circumstances, exercise reasonable care for her own safety?

Plaintiffs have stated a cause of action for damages and are entitled to a trial of the issues pleaded in the complaint.

## ORDER

Now, September 26, 1979, defendant's preliminary objections to the complaint are dismissed.